<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSE F. CRUZ, | |
| Petitioner, | Civil Action No. 22-7565 (KMW) |
| v. | **OPINION** |
| KAREN TAYLOR, | |
| Respondent. | |

**WILLIAMS**, District Judge:

This matter comes before the Court on the Court's *sua sponte* review of Petitioner Jose F. Cruz's application to proceed *in forma pauperis* (ECF No. 3) and petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)    Having reviewed the application and good cause having been shown, Plaintiff's application to proceed *in forma pauperis* is granted. As Petitioner shall be granted *in forma pauperis* status, this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to preliminarily screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."   For the following reasons, Petitioner's habeas petition shall be dismissed without prejudice.

**I.     BACKGROUND**

Petitioner is a state pre-trial detainee currently held in the Camden County Correctional Facility. (ECF No. 1 at 1.) According to Petitioner, he is currently detained on armed bank robbery

charges, for which he believes there "is no evidence." (*Id.* at 6.) Petitioner thus seeks his release or an immediate trial as he believes himself to be "100% innocent" and that there is no gun or robbery sufficient to support his conviction. (*Id.*)

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court has the authority to dismiss a petition where it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.     DISCUSSION

In this matter, Petitioner seeks either to raise the issue of his right to a speedy trial or to outright challenge the proofs of his criminal case in this Court prior to undergoing trial procedures in state court.  Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n. 5 (3d Cir. 1975)).  "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial

habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46).  Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445).  The Third Circuit has therefore held that while federal courts may have jurisdiction to hear habeas challenges brought by state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present."  515 F.2d at 443.  In the absence of extraordinary circumstances, which do not include the premature litigation of defenses including those such as the right to a speedy trial, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.*  A petitioner's claim will not be considered exhausted where it was presented only "in a procedural context in which its merits will not be considered." *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Here, Petitioner does not assert that he has presented his claims of innocence or raised his speedy trial rights at any level of the state court system, and instead seeks to completely circumvent the state court criminal proceedings by prematurely filing in this Court to assert his innocence and right to a speedy trial.  As he has clearly not exhausted his claims, and as he presents no basis for a hearing prior to full exhaustion and the completion of his criminal proceedings in state court, however, this Court must decline to exercise jurisdiction over his petition. *Duran*, 393 F. App'x at 4.  Petitioner's premature habeas petition shall therefore be dismissed without prejudice.

## IV. CERTIFICATE OF APPEALABILITY

Because Petitioner's habeas challenges his detention which "arises out of process issued by a State court," he may not appeal the dismissal of his habeas petition unless granted a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A); *see also Magano v. New Jersey*, No. 08-758, 2008

3

WL 2345584, at *4 n. 3 (D.N.J. June 3, 2008). In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's decision to dismiss Petitioner's petition for failure to exhaust or show exceptional circumstances, Petitioner's petition is inadequate to deserve encouragement to proceed further at this time, and this Court will deny Petitioner a certificate of appealability.

V.    **CONCLUSION**

For the reasons expressed above, Petitioner's *in forma pauperis* application (ECF No. 3) is **GRANTED**; Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**, and Petitioner is **DENIED** a certificate of appealability. An order consistent with this Opinion will be entered.

*Karen M. Williams*
_____
Hon. Karen M. Williams,
United States District Judge